# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. MOORE,<br><br>                     Plaintiff,<br>  vs.<br><br>BANK OF AMERICA, N.A. (USA),<br><br>                   Defendant. | CASE No. 03cv00520<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>**[Doc. No. 172]** |

Presently before the Court is plaintiff James Moore's ("plaintiff") motion for attorneys' fees. Plaintiff is represented by Richard M. Pearl and the firm of Green Welling LLP. For the following reasons, the court GRANTS plaintiff's motion and awards attorneys' fees in the amount of $170,257.25.

## BACKGROUND

The parties are familiar with the facts and protracted procedural history of this case, so the Court need not recount them in detail here. In November of 1999, plaintiff purchased an airline ticket using his Bank of America credit card. He did not use the entire ticket and disputed the charge. Plaintiff brought suit against Bank of America ("defendant") in March of 2003, and the parties settled in May of 2005. (Doc. Nos. 1 & 110.) Per the terms of the settlement agreement, the Court dismissed the action, but retained jurisdiction in order to rule on plaintiff's motion for reimbursement of attorneys' fees and costs. On October 5, 2006, the Court granted plaintiff's motion for attorneys' fees and awarded fees and costs in the amount of $390,765.79. (Doc. No.

1  147.)

2  Defendant appealed on November 4, 2005. (Doc. No. 150.) On August 14, 2007, the Ninth Circuit affirmed this Court's grant of fees in its entirety. Moore v. Bank of Am. N.A., No. 05-56702, 2007 WL 2316426 (9th Cir. Aug. 14, 2007).

On September 11, 2007, plaintiff moved the Ninth Circuit for an award of attorneys' fees generated by the appeal. (Doc. No. 172, Ex. A, Memorandum of Law in support of Motion for Attorneys' Fees on Appeal.) Defendant filed an opposition. (Id. Ex. E, Response to Motion for Attorneys' Fees on Appeal (hereinafter "Opp.") at 2.) Plaintiff filed a reply in support of the motion on October 3, 2007. (Id. Ex. F (hereinafter "Reply").) On October 18, 2007, the Ninth Circuit granted plaintiff's unopposed motion to transfer consideration of the attorneys' fees on appeal to this Court. (Doc. No. 171, Ex. A.) On November 1, 2007, plaintiff filed a notice of the Ninth Circuit's order with this Court. (Doc. No. 171.) Plaintiff also lodged with the Court (1) the pleadings on the issue of attorneys' fees on appeal (Doc. No. 172), and (2) the pleadings from the appeal of this Court's attorneys' fees award (Doc. No. 175). The Court finds the matter is now fully briefed and amenable for disposition without oral argument pursuant to Local Civil Rule 7.1(d).

**DISCUSSION**

**Legal Standard**

Attorneys' fees are calculated using the "lodestar" formula by multiplying **(1)** the number of hours which would have been reasonably spent on the litigation by **(2)** a reasonable hourly rate. Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1006 (9th Cir. 2002). There is a "strong presumption" that the lodestar fee is a reasonable fee. Id. at 1007. In rare cases this strong presumption may be rebutted through the application of those factors not subsumed in the lodestar calculation. Id.; see also Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988). "The amount of the fee award is within the discretion of the trial judge." Kessler v. Assocs. Fin. Servs. Co. of Haw., Inc., 639 F.2d 498 (9th Cir. 1981).

//
//

**Analysis**

1. <u>Statutory Authorization of Fees</u>

The Truth in Lending Act, 15 U.S.C. Section 1640, entitles a plaintiff "in the case of any successful action" to an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640(a)(3). The Ninth Circuit has interpreted Section 1640 to provide for an award of fees incurred in successfully opposing the appeal of a Section 1640 fee award. <u>Burnett v. Ala Moana Pawn Shop</u>, 3 F.3d 1261, 1263 (9th Cir. 1993); <u>accord</u> <u>Nigh v. Koons Buick Pontiac GMC, Inc.</u>, 478 F.3d 183, 185 (4th Cir. 2007) (holding Section 1640 mandates prevailing party is awarded fees for successful appeal).

In this case, the Court's fee award under Section 1640 was affirmed in its entirety on appeal. <u>Moore</u>, 2007 WL 2316426 at *1-*2. Defendant does not dispute plaintiff's "degree of success in that regard." (Opp. at 1.) Therefore, the Court finds plaintiff is statutorily entitled to a "reasonable attorney's fee." 15 U.S.C. § 1640(a)(3). Plaintiff is also entitled to compensation for time spent preparing the instant motion. See <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1544 (9th Cir. 1992) ("This Court has repeatedly held that time spent by counsel in establishing the right to a fee award is compensable.").

2. <u>Recovery of Mr. Pearl's Fees</u>

Defendant argues plaintiff is not entitled to recover for the hours worked by Richard Pearl. Defendant refers the Court to Mr. Pearl's declaration where he states that he is "an expert on attorneys' fee issues" (Opp. at 10), arguing Mr. Pearl was acting as an expert witness, and not as co-counsel.

Plaintiff has presented uncontroverted evidence Mr. Pearl was co-counsel on the appeal and is entitled to attorney's fees. According to Mr. Pearl's time entries, attached as Exhibit B to his declarations, which defendant does not challenge, Mr. Pearl performed legal tasks such as outlining plaintiff's brief, preparing the section of the brief on the standard of review, and researching specific legal issues. (Pearl Decl. Ex. B at 1-2.) Hours worked by special fee counsel are properly considered attorneys' fees. <u>Gates v. Rowland</u>, 39 F.3d 1439, 1449 (9th Cir. 1994) (upholding fee award to regular counsel and special fee counsel for work on fee petition); <u>Davis v.

City & County of San Francisco, 976 F.2d 1536, 1544 (9th Cir. 1992) (same). Accordingly, Mr. Pearl's time spent working on the appeal was properly included in the fee request.

3.  Reasonableness of the Requested Fee

Plaintiff requests $172, 408.00 in fees incurred in opposing the appeal and in filing the instant motion for fees. (Reply at 9.) These fees are supported by documentation that five lawyers and two paralegals worked a total of 459.5 hours, and their rates are $150 to $550 per hour.

A.  Reasonable Hourly Rate

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). Plaintiff has the burden of producing evidence that the rates requested "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Sorenson, 239 F.3d at 1145; Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). This "initial burden" is not high when the evidence is not challenged by the opposing party. Mendenhall v. Nat'l Transp. Safety Bd., 213 F.3d 464, 472 (9th Cir. 2000). In Mendenhall, the fee applicant met the "initial burden" by providing affidavits of other attorneys with the same specialization in the relevant fora. Id. In that case, two affidavits from "California practitioners" were "particularly relevant" in determining the reasonableness of fees for a Ninth Circuit appeal. Id. at 471 n.5.

Plaintiff requests the following hourly rates for his attorneys:

| Richard M. Pearl | $535 |
|---|---|
| Robert S. Green | $550 |
| Jenelle Welling | $395 |
| Brian S. Umpierre | $275 |
| Avin P. Sharma | $225 |
| Katie P. Brown | $150 |
| Nicole L. Belushko | $150 |

Plaintiff relies on a declaration from Mr. Pearl showing similar hourly rates charged by California firms and approved as reasonable by California courts. Because defendant does not

contend the rates are unreasonable, and the evidence supports the requested rates, the Court finds the rates reasonable.

### B. Hours Reasonably Expended

Plaintiff requests compensation for a total of 459.5 hours of attorney and paralegal work on the appeal and the instant motion for fees. These hours are documented in the declarations of Robert Green and Richard Pearl and supported by contemporaneous time records which identify the timekeeper, the date, the hours worked, and a description of the work performed.

Defendant argues the number of hours spent by plaintiff's counsel on the appeal was unreasonably large. Defendant's counsel only spent about 251 hours on the appeal. (Opp. at 1, 7.) Defendant reasons plaintiff's counsel should have worked fewer hours, because plaintiff filed only one brief with the Ninth Circuit rather than defendant's two briefs. (Opp. at 1-2, 7.)

A comparison of fees incurred by the non-prevailing party with those requested by the prevailing party may be "a useful guide in evaluating the appropriateness of time claimed." Democratic Party of Wash. State v. Reed, 388 F.3d 1281, 1287 (9th Cir. 2004). But the Ninth Circuit has cautioned against using this comparison:

> Comparison of the hours spent in particular tasks by the attorney for the party seeking fees and by the attorney for the opposing party . . . does not necessarily indicate whether the hours expended by the party seeking fees were excessive. Rather, any such comparison must carefully control for factors such as [the differing burdens on plaintiffs and defendants], as well as for the possibility that the prevailing party's attorney–who, after all, did prevail–spent more time because she did better work.

Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1151 (9th Cir. 2001) (internal citation omitted).

In this case, plaintiff's counsel spent about 60% more hours on the appeal than defendant's counsel. But the Ninth Circuit upheld the fee award in its entirety, and the Supreme Court has held "[t]he degree of success obtained" is "the most critical factor" in determining the reasonableness of a fee award. Farrar v. Hobby, 506 U.S. 103, 114 (1992) (internal citations omitted). Moreover, counsel's work product was thorough, detailed, and persuasive. Plaintiff's brief included a statement of facts, supported by supplemental excerpts of the record prepared by plaintiff's counsel, which painted a starkly different picture of the underlying litigation than that presented in defendant's brief. Plaintiff's brief also corrected defendant's legal discussion of the

standard of review, which defendant had obscured by arguing the district court had made a legal error rather than a factual error. The brief then addressed each of defendant's five arguments, persuasively distinguishing the cases cited by defendant, re-directing the court's attention to the facts determined by the district court, and critiquing the evidence offered by defendant to the district court. In light of plaintiff's success and the quality of counsel's work product, the Court declines to conclude the hours expended were unreasonable merely because they exceeded the hours worked by defendant's counsel.[1] See Love v. Mail on Sunday, No. 05-7798, 2007 WL 2709975 at *10 (C.D. Cal., Sept. 7, 2007) ("Ultimately, Plaintiff's counsel may have billed fewer hours, but Plaintiff also lost. Thus, in this case, the difference in hours that Plaintiff and Defendants spent has no bearing on the reasonableness of Defendants' work."); Rorabaugh v. Cont'l Cas. Co., No. 05-3612, 2007 WL 867301 at *2 (C.D. Cal, Mar. 16, 2007) (rejecting overall objection that number of hours worked was unreasonable because it was higher than opposing counsel's).

Defendant further contends the number of hours spent was unreasonable because the appeal raised one simple issue, "the reasonableness of the attorney fees awarded by the District Court" (Opp. at 5).[2] The briefs, however, reveal defendant presented multiple distinct arguments. Defendant argued on appeal (1) a reasonable fee award must be proportional to the results obtained; (2) the fee award in this case was not justified by the de minimus results obtained by plaintiffs; (3) the district court abused its discretion by failing to articulate in its order an adequate basis for the award; (4) the district court abused its discretion because the fees awarded were not reasonably incurred; and (5) the district court abused its discretion by failing to impose a downward adjustment to the lodestar. (Doc. No. 175, Appellant's Opening Brief at 3-4.)

---

[1] As plaintiff also argues, the comparison made by defendant is not precisely parallel. Unlike plaintiff, defendant did not include the time spent on the instant motion. (Jaltorossian Declaration in support of Opp. at 13.) Plaintiff also included time spent attempting to compromise. (Reply at 2-3 & n.1.)

[2] The Supreme Court has held the complexity of the litigation is a factor subsumed by the lodestar analysis, and thus the Court may not adjust the lodestar figure upward or downward based on complexity. Blum v. Stenson, 465 U.S. 886, 898 (1984); Jordan v. Multnomah County, 815 F.2d 1258, 1262 n.6 (9th Cir. 1987) (citing Blum); Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988) ("The simplicity of the issues may not be used to decrease a fee award below the amount calculated by the court as a reasonable lodestar fee.") Subsumed factors should instead be considered in assessing the reasonableness of the hours expended in reaching the lodestar amount. Corder v. Gates, 947 F.2d 374, 378 (9th Cir. 1991); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).

Plaintiff's brief addressed each of these arguments, clarified the standard of review, and presented a new statement of facts. The record belies defendant's contention its appeal raised only one simple issue justifying less than 250 hours of work to oppose.[3]

Defendant finally argues the fee request's descriptions of work performed are "vague or extremely general," so that it is impossible to determine whether work was duplicated by the multiple attorneys working on the case. As plaintiff notes, defendant does not identify specific entries in the time sheets which are too vague, or identify specific examples of duplicative work.

Counsel need only "identify the general subject matter of their time expenditures." Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983); Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 427 (9th Cir. 2000) (quoting Hensley). The Court has reviewed the fee request and finds the descriptions are generally quite specific. Some entries even include the names of the cases researched by the attorneys. See Armstrong v. Davis, 318 F.3d 965, 975 (9th Cir. 2003) (upholding fee award where defendants failed to "point to any particular fee entries or claimed hours as being too high" and the district court carefully considered the billing statements); Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994) (holding party challenging fee award failed to meet burden of rebuttal by not identifying any specific fees as duplicative). Moreover, the Court will not presume duplication merely because two partners worked on one case. See, e.g., M.L. v. Fed. Way Sch. Dist., 401 F. Supp. 2d 1158, 1170 (W.D. Wash. 2005) (rejecting argument "that having two attorneys work on the same matter resulted in some unnecessary inefficiencies"). According to the time entries, Ms. Welling worked on the statement of facts and Mr. Green worked on the argument section. This division likely minimized unnecessary duplication of work.

For the foregoing reasons, the Court rejects the grounds advanced by defendant and finds plaintiff's fee request reflects hours reasonably expended on the appeal. In reviewing the fee

---

[3] Defendant also mis-characterizes its appeal when it asserts the amount of fees incurred by plaintiff exceeds the amount at issue in the appeal. (Opp. at 3 & 8.) Defendant argues only $165,765.79 of fees was at issue in the appeal. This number is the difference between the amount actually awarded ($390,765.79), and the amount of fees which defendant stated in the settlement agreement it would not appeal if awarded ($225,000). The amount of $225,000, however, did not bind the Ninth Circuit, and neither party proposed the amount of fees awarded be reduced to $225,000. Indeed, defendant argued plaintiff was not entitled to any fees. (Doc. No. 175 at 33-35.) Accordingly, the amount put at issue by defendant's appeal was $390,765.79, the entirety of the district court's fee award, and the fees incurred to protect that judgment reflect 44%, rather than 104%, of the amount at issue.

1  request, the Court did find a few minor problems which were not raised by defendant. The Court
2  must deduct from the hours worked on the case those hours "that are not properly billed to one's
3  client" due to the common practices of "billing judgment." Hensley v. Eckerhart, 461 U.S. 424,
4  434 (1983) (internal citations omitted).  While Mr. Green subtracted multiple hours from the fee
5  request in his exercise of "billing judgment," the Court's review indicates several other small
6  items which the Court finds were not properly billed in this action. For example, several billing
7  entries were made by an associate for time spent checking the appellate docket to see if the court
8  had ruled on the motion for extension of time. The Court finds this time should not have been
9  billed. Another entry by a partner includes time for editing and filing a document with the court.
10 The Court reduced this entry because it could not determine how much of the "block" entry
11 correlated to the administrative act of filing the brief. See Davis v. City & County of San
12 Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992) ("It simply is not reasonable for a lawyer to bill, at
13 her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much
14 lower cost."); MacDougal v. Catalyst Nightclub, 58 F. Supp. 2d 1101, 1105 (N.D. Cal. 1999)
15 (finding lawyer's request for fees for clerical and routine tasks was "an exercise of poor 'billing
16 judgment'").

17 Additionally, the Court removed several billing entries with vague descriptions making it
18 difficult for the Court to determine whether that work was administrative or clerical. For example,
19 the Court removed one entry by a paralegal described as "Bill of costs," and one by Ms. Welling
20 described in part as "evaluate to communicate selective incorporation to word processing."

21 These minor deductions are summarized in Attachment A and total 9.35 hours.[4]

22 4. **Summary of Recoverable Fees**

23 Based on the foregoing, the Court finds plaintiff's attorneys are entitled to
24 $170,257.25 for successfully opposing defendant's appeal and for work on the instant fee motion.
25 This is based on 450.15 hours of work at the hourly rates of $150 to $550. Attachment B lists the
26 fees awarded by each timekeeper.

---

[4] Mr. Pearl's hours were reduced by 0.2 hours; Ms. Welling's hours were reduced by 0.25 hours; Mr. Green's hours were reduced by 1.1 hours; Mr. Umpierre's hours were reduced by 0.7 hours; Ms. Belushko's hours were reduced by 6.0 hours; and Mr. Sharma's hours were reduced by 1.1 hours.

Neither party has provided any argument or evidence that this lodestar figure should be adjusted upward or downward according to additional Kerr factors. Upon consideration of the remaining Kerr factors that were not already subsumed in the initial lodestar calculation, the Court finds it unnecessary to adjust the lodestar figure. See Morales v. City of San Raphael, 96 F.3d 359, 363-64 (9th Cir. 1996). $170,257.25 is a reasonable award for the work performed by the attorneys to successfully defend the Court's previous fee award on appeal. See Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (stating lodestar figure should only be enhanced or reduced in "rare and exceptional cases").

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorneys' fees is **GRANTED**. Plaintiff is awarded attorneys' fees in the amount of $170,257.25. The Clerk of the Court is ordered to enter judgment for plaintiff in this amount.

**IT IS SO ORDERED.**

**DATED: January 7, 2008**

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

# Attachment A

## Entries deducted from hours by Richard Pearl

| Date | Description of Services | Hours |
|---|---|---|
| 2/28/06 | Review of fax re 9th Circuit schedule | 0.10 |
| 5/25/06 | Review of order re extension | 0.10 |

## Entries deducted from hours by Green Welling LLP

| Date | Description of Services | Timekeeper | Hours |
|---|---|---|---|
| 4/11/2006 | Call A. Colman re extension of time for response brief; mail copy of motion to him | Welling | 0.10 |
| 4/18/2006 | Review docket for ruling on motion for extension | Sharma | 0.10 |
| 4/21/2006 | Speak to 9th Circuit clerk's office re motion for extension of time | Sharma | 0.30 |
| 4/25/2006 | Check appellate docket on status of motion for extension of time | Sharma | 0.10 |
| 4/26/2006 | Review docket for status of motion for extension | Sharma | 0.10 |
| 4/27/2006 | Review 9th Circuit docket; E-mail to R. Green and J. Welling re order on motion for extension | Sharma | 0.10 |
| 5/11/2006 | Research local rules re electronic copy of brief; call to 9th Circuit Clerk re electronic copy of brief | Sharma | 0.30 |
| 5/16/2006 | Review proposed edits to facts from R. Pearl; evaluate to communicate selective incorporation to word processing | Welling | 0.30 (Reduce to 0.15) |
| 5/17/2006 | Call to 9th Circuit Clerk re submission of electronic version of brief in addition to hard copy | Sharma | 0.10 |
| 7/27/2007 | Finalize and file statement of supplemental authority | Green | 2.1 (Red. to 1.0) |
| 8/2/2007 | Case Outline and Index | Belushko | 4.0 |
| 8/23/2007 | Bill of Costs | Belushko | 2.0 |
| 9/17/2007 | Review appellate rules re: motion practice/timing and calendar opposition and reply dates re: appellate fee application | Umpierre | 0.40 |
| 9/17/2007 | Review district court rules re: ex parte applications; e-mail J. Welling re: same | Umpierre | 0.30 |

**Attachment B**

| Timekeeper | Hours | Hourly Rate | Total Fees |
|---|---|---|---|
| Richard M. Pearl | 41 | $535 | $21,935.00 |
| Robert S. Green | 121.5 | $550 | $66,825.00 |
| Jenelle Welling | 98.05 | $395 | $38,729.75 |
| Brian S. Umpierre | 52.1 | $275 | $14,327.50 |
| Avin P. Sharma | 104.2 | $225 | $23,445.00 |
| Katie P. Brown | 33.3 | $150 | $4,995.00 |
| Nicole L. Belushko | 0 | $150 | $0 |
| Totals: | 450.15 | | $170,257.25 |